UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| FLORA SUE GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-425-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, | ) | **AND ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Flora Sue Gross ("Gross") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 21 and 22] Through this action, Gross seeks to reverse the Commissioner's decision that she is not entitled to a Period of Disability and Disability Insurance Benefits ("DIB"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny Gross's motion.

## I.    Background

Flora Sue Gross previously filed for a Period of Disability and DIB on March 12, 2003, alleging disability beginning January 6, 2003. This claim was denied initially and on reconsideration, in August 2004. After the Appeals Council denied her request for review, Gross

filed suit in this Court.  On April 12, 2006, Judge G. Wix Unthank affirmed the Commissioner's decision that she was not disabled.

Gross filed her current application for DIB in December 2004, with a later-amended disability onset date of October 26, 2004.  After once again being denied initially and on reconsideration, Gross requested and participated in a hearing before ALJ Frank Letchworth on June 27, 2006, in Middlesboro, Kentucky.  In his subsequent September 29, 2006 decision, ALJ Letchworth found that Gross was not disabled under §§ 216(i) and 223(d) of the Social Security Act and, therefore, was not entitled to a Period of Disability or DIB.  [Tr., p. 322]  Gross now appeals from the most-recent ALJ's decision.

At the time of the administrative hearing, Gross was a 49-year-old woman with a general education diploma and past relevant work experience as a short order cook, assistant manager, and cashier.  She alleges disability, beginning on October 26, 2004, due to lower back pain, breathing problems, and depression.  After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Gross suffered from the following severe impairments: disc bulging, disc herniation, and anxiety or depression.  [Tr., pp. 317-318]  Notwithstanding these impairments, the ALJ found that Gross retained the residual functional capacity ("RFC")

> for light work allowing for a sit/stand option and requiring no more than occasional climbing of ladders, ropes ,or scaffolds, stooping, bending, crouching, or crawling.  The claimant is limited to simple work in object focused settings.

[Tr., p. 318]

The ALJ also observed that he was in part bound by the findings of a previous ALJ who had assessed Gross.  *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)

(holding that, absent evidence of improvement or deterioration in a claimant's condition, an ALJ

is bound by the findings of a previous ALJ).  However, given Gross's more recent levels of pain,

the ALJ departed from the previously-established RFC of medium work.  Concluding that Gross

was able to perform light work, the ALJ determined that she had not been under a disability, as

defined in the Social Security Act, since October 2004.

## II.    Standard of Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in

'substantial gainful activity' because of a medically determinable physical or mental impairment

of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th

Cir. 2007).  A claimant's Social Security disability determination is made by an ALJ in

accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*,

459 F.3d 640, 642 (6th Cir. 2006) (citing 20 C.F.R. § 404.1520(b)-(g)).  If the claimant satisfies

the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth

step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that she is not currently engaged in substantial gainful

employment at the time of the disability application.  20 C.F.R. § 404.1520(b).  Second, a

claimant must show that she suffers from a severe impairment.  20 C.F.R. § 404.1520(c).  Third,

if the claimant is not engaged in substantial gainful employment and has a severe impairment

which is expected to last for at least twelve months, which meets or equals a listed impairment,

she will be considered disabled without regard to age, education, and work experience.  20

C.F.R. § 404.1520(d).  Fourth, if the Commissioner cannot make a determination of disability

based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work.  If she can, she is not disabled.  20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record.

Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence.  Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight."  *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

### III.    Analysis

Gross asserts that the ALJ's decision is not supported by substantial evidence.  In support, she acknowledges that "her subjective complaints are not enough," but counters only with the statement that "she has shown objective medical evidence of a condition causing the pain or other symptoms," and that she "has made her case."  [Record No. 21]  The sole specific argument Gross makes as to the ALJ's decision is that he has "failed to properly prove there is work in the national economy which the Plaintiff can perform." [Record No. 21]  However, she neglects to develop this argument or to identify specific aspects of the ALJ's decision that are not supported by the record.

As part of her subjective complaints, Gross stated that she had to quit her job as cashier, cook, and assistant manager of a restaurant in 2003, when her lower back pain became too severe. Due to this pain, she is only able to prepare an occasional meal or conduct light household chores like dusting and laundry. She watches television for about 1.5 hours a day and will sometimes read a book if she is able to concentrate. In addition to lower back pain, Gross alleges that depression and anxiety lead her to feel drowsy and panicked at times. Her sleep is easily interrupted – also contributing to her drowsiness – and she naps frequently during the day time. Finally, she complains of shortness of breath and overall difficulty dealing with pain.

The ALJ found that Gross's subjective complaints were not totally credible based on an assessment of her record. Her record contains medical records from five different examiners: Dr. Jose Echeverria, her treating physician with which she has had the longest relationship; Dr. John Gilbert, a pain management physician; Dr. Kip Beard, a consulting physician; Dr. S. Raza, a consulting psychiatrist requested by the Social Security Administration; and Dr. Barbara Belew, a psychologist with whom Gross met once.

Gross first consulted with Dr. Echeverria in October of 2000. However, her alleged disability onset date is October 2004. In mid-October 2004, Dr. Echeverria found that Gross suffered from chronic lower back pain, and refilled her prescription for Lortab. During visits prior to October 2004, Dr. Echeverria observed the same condition, and renewed her Lortab prescriptions on a regular basis – every other month. Otherwise, he routinely describes Gross as "well-developed, well-nourished" and "pleasant." [Tr., pp. 450-461] He noted tenderness in her extremities, but indicated no other problems.

Gross began consulting with Dr. Gilbert of the Spine & Brain Neurosurgical Center on October 26, 2004. He referred her for an MRI scan, which revealed disc herniation and disc bulges at certain locations along her lumbar spine; her thoracic spine was "unremarkable" and her cervical spine showed "mild disc degeneration." [Tr., pp. 504-506] As a result of this diagnosis, Dr. Gilbert and his associates administered Gross with epidural injections. The last epidural injection occurred on April 25, 2005, and Gross was "discharged in good condition," with "no complications." [Tr., p. 495]

Gross was examined by a state physician, Dr. Beard, in June 2005. His impressions were "musculoskeletal lower back pain with left lumbar nerve root irritation and possible S1 radiculopathy," along with asthma. [Tr., p. 511] In other words, an examination of her back revealed "pain with motion testing, tenderness, and paravertebral spasm and motion loss." He also observed that the "neurologic exam reveal[ed] diminished sensation in the left leg" and that the "left Achilles reflex was mildly diminished." [Tr., pp. 511-512] Based on these findings, Dr. Beard found that "limitations with repetitive bending at the waist, prolonged sitting, standing or walking and heavy lifting or carrying" were appropriate. [Tr., p. 512]

Taking into account all of these physical assessments, the ALJ found that Gross had the RFC for light work with a sit/stand option and limited climbing, stooping, bending, crouching, or crawling. The ALJ's opinion referenced each of the physicians' reports and notes, and thoroughly discussed each of the physicians' diagnoses. In making his assessment, the ALJ recognized that Gross would experience some degree of pain as a result of her impairments, but that her "clinical and diagnostic examinations were inconsistent with the level of pain alleged."

He also observed that she did not currently participate in any physical or rehabilitative therapies, she did not use an ambulatory aid or back brace, she has not undergone any surgeries or emergency care, nor does she use a pain control device. [Tr., p. 319] Regarding her alleged breathing impairment, the ALJ found that "the medical evidence makes minimal reference to [it] and does not demonstrate a condition of any severity to result in more than minimal work-related limitations." [Tr., p. 319] His observations are borne out by the review of the record, above.

As far as Gross' mental limitations, she began seeing Dr. Raza for anxiety, poor sleeping habits, and other symptoms of depression. Dr. Raza diagnosed her with Mood Disorder, but did not note any symptoms other than that her "mood" was "anxious." He observed that she maintained "good grooming and hygiene, good eye contact, speech low tone clear, thought processes logical and sequential, no hallucinations, no delusions, not suicidal or homicidal, alert, oriented . . . and judgment is fair." [Tr., pp. 481-489] He put her on psychotropic medications and found that Gross was "tolerating the medication well." However, Dr. Raza concluded that Gross had "poor coping skills." [Tr., p. 518] The ALJ properly rejected this opinion as inconsistent with the rest of Dr. Raza's observations. [Tr., p. 317]

Gross was also evaluated by Dr. Belew, who assessed Gross with much more severe mental limitations than had Dr. Raza. Dr. Belew found that Gross met the Social Security's mental impairment criteria, based on Gross's reported inability to maintain "activities of daily living," Gross's reported panic symptoms associated with going out in public, Gross's inability to concentrate and work on simple tasks, and finally, Gross's difficulty managing her emotions. [Tr., p. 581] However, this in-depth assessment was based on one visit in April 2006. The ALJ

properly rejected Dr. Belew's assessment, based on the fact that her assessment was based in large part on Gross's own subjective complaints, and based on the fact that Dr. Belew's own narrative report did not support her ultimate conclusions. [Tr., p. 317]

An ALJ may reject a physician's findings that were based on the claimant's subjective complaints, where the ALJ found that the claimant was not credible. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). In addition, the ALJ need only give weight to the physician's findings where those findings are supported by evidence in the record. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981). The ALJ observed that Gross was "being effectively treated at the local mental health facility" and that her "symptoms [we]re primarily related to situational factors and no treatment has been required through the emergency room and/or via hospital admission." [Tr., p. 319]

In general, the ALJ noted that Gross is able "to perform laundry chores, dust, cook using the microwave, and make sandwiches." [Tr., p. 319] She also washes dishes, stays in contact with friends over the telephone, visits with her sister and niece who come by daily, and takes care of her personal grooming. [Tr., p. 319] Gross's level of daily functioning is not reflective of a total impairment, either mental or physical.

## IV. Conclusion

The ALJ found that she was capable of performing a significant range of light work, and the vocational expert at the hearing testified to a number of jobs that Gross would be able to perform. [Tr., p. 320] Although reasonable minds may differ as to the ALJ's conclusion in this case, his determination is supported by evidence in the record. The ALJ carefully considered

the documentation provided by each of Gross's medical providers, and provided acceptable

reasons whenever rejecting those opinions.  Accordingly, it is hereby

> **ORDERED** as follows:

> 1.    Plaintiff Flora Sue Gross's Motion for Summary Judgment [Record No. 21] is

**DENIED**;

> 2.    Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 22]

is **GRANTED**; and

> 3.    The administrative decision will be **AFFIRMED** by separate judgment entered

this date.

> This 17th day of June, 2009.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**